IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF JEFFREY SLATER, as Owner of a
2007 28' Shockwave with Hull ID                    CASE NO. 2:16-cv-00426-JES-CM
Number SKGDB716D707, for Exoneration
from or Limitation of Liability,

      Petitioner.
_____/

## ORDER

This matter comes before the Court upon review of Request for Entry of Clerk's Default (Doc. 13) filed on September 27, 2016. The Court finds that pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and Rule 55(a) of the Federal Rules of Civil Procedure, the motion is due to be granted. *See* Fed. R. Civ. P. Supp. Rule F; Fed. R. Civ. P. 55(a).

On June 1, 2016, Petitioner Jeffrey Slater as owner of a 2007 28' Shockwave with hull identification number SKGDB716D707 filed a Complaint claiming the benefits of exoneration from or limitation of liability as provided for in the Act of Congress embodied in 46 U.S.C. § 30501, *et seq.*, together with all statutes amendatory thereof and supplementary thereto, and also contesting liability independently of the limitation of liability claim under said Act for any loss, damage, death, personal injury, damage or destruction of property or other occurrences arising from the incident described in said Complaint which allegedly occurred on July 8, 2015. Doc. 1.

On June 21, 2016, the Court entered an Order requiring all persons claiming any and all personal injury, property damage, destruction or other losses, caused by or resulting from the marine casualty set forth in the Complaint to appear before and file their respective claims with the Court and to serve on or mail to the Petitioner's attorney copies thereof on or before August 12, 2016.  Docs. 8 at 3; 9 at 1-2.  Notice of said Order was duly given and published, as appears on the Notice of Filing Proof of Publication filed herein (Doc. 11), and copies of the notice of the Order were duly mailed in accordance with the rules of the Court.  Doc. 10.  Petitioner has amicably resolved claims or potential claims asserted by Linda Markey, Peter Bazos, and Richard Krug prior to any claim being filed by those individuals.  Docs. 12; 13 at 2.  Accordingly, no default is sought as to those individuals.  Doc. 13 at 2.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's Request for Entry of Clerk's Default (Doc. 13) is **GRANTED**.

2. The defaults of all persons, except for Linda Markey, Peter Bazos, and Richard Krug, claiming damages for any and all losses, damages, injuries, and destruction arising out of, occasioned or occurring from the incident set forth in the Complaint who have not filed and presented claims and answers, be and are hereby noted and the said persons in default and are hereby barred from filing any claims and answers in this proceeding or any proceeding.

3. The Clerk shall enter default against such persons accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of October, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 3 -